STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
SANDY N. LEAL (Cal. Bar No. 207179)
Assistant United States Attorney
     Ronald Reagan Building & U.S. Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (714) 338-3500
     Facsimile: (714) 338-3564
     E-mail: Sandy.Leal@usdoj.gov
DANIEL H. WEISS
Trial Attorney
Civil Rights Division
     U.S. Department of Justice
     950 Pennsylvania Avenue, N.W.
     Washington D.C. 20530
     Telephone: (202) 616-6594
     Facsimile: (202) 514-8336
     E-mail:  Daniel.Weiss@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA No. CR 12-97(A)-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S RESTITUTION MEMORANDUM AS TO DEFENDANT HORN |
| v. | Hearing Date: Dec. 19, 2014<br>Hearing Time: 11:30 a.m.<br>Location:    Courtroom of the<br>            Hon. Josephine L.<br>            Staton |
| ROSHAUN NAKIA PORTER,<br>   aka "Kevin,"<br>   aka "Junior,"<br>MARQUIS MONTE HORN,<br>   aka "Taylor," | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sandy N. Leal, and Daniel H. Weiss, Trial Attorney, United States Department of Justice, Civil Rights Division, hereby submits this Restitution Memorandum as

to Defendant Horn. A restitution hearing in this matter is scheduled for December 19, 2014 at 11:30 a.m.

Dated: December 5, 2014

Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
SANDY N. LEAL
Assistant United States Attorney

_____/s/_____
DANIEL H. WEISS
Trial Attorney
Civil Rights Division

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On February 27, 2013, defendant Marquis Monte Horn ("Horn") was charged in a first superseding indictment with conspiracy to engage in sex trafficking, in violation of Title 18, United States Code, Section 1594(c), and sex trafficking by force, fraud or coercion, in violation of Title 18, United States Code, Section 1591(a)(1). Specifically, the first superseding indictment alleged that Horn and co-defendant Roshaun Nakia Porter recruited the victims to work in defendants' prostitution organization and employed various coercive tactics to induce the victims into engaging in prostitution, including: developing a romantic relationship with the victims; falsely promising work as an escort only; falsely promising to care for the victims and their families financially; falsely promising to assist the victims in obtaining lawful status in the United States; isolating the victims from their family and friends; harming the victims physically, psychologically, and financially harming and threatening serious harm to the victims and their families. Defendants engaged in such activities for profit.

On July 11, 2014, defendant Horn pleaded guilty to conspiracy to engage in sex trafficking, in violation of 18 U.S.C. § 1594(c).[1] On October 24, 2014, this Court sentenced defendant Horn to a term of imprisonment of 78 months, five years of supervised release, a $100 special assessment, and pursuant to Title 18, United States Code, Section 3664(d)(5), deferred the restitution hearing until December

---

[1] Porter also pleaded guilty to violating 18 U.S.C. § 1594(c) on the same date. Porter's sentencing is scheduled for February 20, 2015. (ECF No.94).

19, 2014. The government requests this Court to order defendant Horn to pay restitution totaling $69,719.34, jointly and severally with defendant Porter, to compensate victim, L.C., for her lost wages.

## II. SUMMARY OF PERTINENT FACTS

The government maintains that the factual summary set forth in ¶¶ 13-19 of the PSR is accurate.

## III. MANDATORY RESTITUTION

The law mandates restitution to victims in cases "in which an identifiable victim has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(B). In addition, the defendant's conviction for violating 18 U.S.C. § 1594(c) triggers the mandatory restitution provisions under 18 U.S.C. § 1593, which provides in relevant part:

> § 1593. Mandatory restitution
>
> (a) Notwithstanding section 3663 or 3663A and in addition to any other civil or criminal penalties authorized by law, the court shall order restitution for any offense under this chapter.
>
> (b)(1) The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses, as determined by the court, under paragraph (3) of this subsection. . . .
>
> (3) As used in this subsection, the term "the full amount of the victim's losses" has the same meaning as provided in section 2259(b)(3) and shall in addition include the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as

guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C.201 et seq.). . . .

## IV. AMOUNT OF LOSS

In support of its request for restitution, the government attaches Exhibit A, a back wage computation completed by John Leung, an Investigator for the U.S. Department of Labor Wage and Hour Division. Consistent with Mr. Leung's computation, the government submits that this Court should order restitution in the amount of $69,719.34. This figure takes into account the value of L.C.'s lost wages under the minimum wage and overtime guarantees of the Fair Labor Standards Act during the period of time L.C., having been recruited by defendant Horn for exploitation by defendant Porter, was compelled to engage in commercial sex acts from the first week of January, 2011 through April 3, 2012. The proposed restitution amount takes into account an appropriate credit for meals and lodging during that same time period.

# EXHIBIT A

Back Wage Computation for LC, FBI file# 50-LA-259927, Central California District Court Case No. SACR 12-0007(A)-JLS-2.

Computations completed by Investigator John Leung, U.S. Department of Labor, Wage and Hour Division, Orange Area Office, on 12/3/2014.

Basis for computations were extracted from LC's statements taken by FBI Agents Whitehill and McKen:

1. LC worked for the Defendants from the first week of 2011 to 4/3/2012.
2. LC worked 7 days a week throughout the entire period.
3. LC "serviced" between 1 to 6 customers daily.
4. LC was forced by the Defendants to stay at the work location when she was not "servicing" a customer to answer calls from prospective customers.
5. LC was not paid at all for her work and "services" performed at all.
6. LC was afraid to ask for her money. This "fear" was created by the frequent and regular physical beating administrated by the Co-defendant.

Computations:

1. 7 days a week with credit given for 8 hours of rest equals 16 hours a day of work, a total of 112 hours a week. (16 hours X 7 Days = 112 hours a week.
2. 52 weeks for 2011, 1/1/2011 to 12/31/2011. 12.99 weeks for 2012, 1/1/2012 to 4/3/2012 (3 months X 4.33 week each month).

Back Wages Due:

2011
112 hours a week X $7.25/hour = $812.00
112 hours a week X $.75/hour= $84.00 ($0.75 is the difference between Fed MW of $7.25 and Calif. MW of $8.00)
72 hours of OT (112 hours – 40 hours) X $4.00 (1/2 time of $8.oo per hour applied to all hours over 40 in a week) = $288.00

Total weekly back wages due for 2011: $812.00 + $84.00 + $288.00 = $1184.00

2012
112 hours a week X $7.25/hour = $812.00
112 hours a week X $.75/hour= $84.00 ($0.75 is the difference between Fed MW of $7.25 and Calif. MW of $8.00)
72 hours of OT (112 hours – 40 hours) X $4.00 (1/2 time of $8.oo per hour applied to all hours over 40 in a week) = $288.00



EXHIBIT A

Total weekly back wages due for 2011: $812.00 + $84.00 + $288.00 = $1184.00

Back Wages due for entire period:

2011 is 52 weeks, 2012 is 12.99 weeks = 64.99 weeks

64.99 weeks X #1184.00 each week = $76,948.16


Back Wages due for entire period with Meal and Lodging credits based on California EDD publication number DE 3395.

2011:  Meals $10.30 daily, $72.10/week,  Lodging $38.70/Week, 52 weeks X $110.80 ($72.10 + $38.70) = $110.80 X 52 weeks = $5,761.60

2012:  Meals $10.55 daily, $73.85/week, Lodging $39.10/Week, 12.99 weeks X 112.95 ($73.85 + $39.10) = $1,467.22

Total Back Wages due (2011, 2012) $76,948.16 - $7,228.82 ($5,761.60 + $1,467.22) = $69,719.34

CERTIFICATE OF SERVICE

That I am a citizen of the United States and resident or employed in Orange County, California; that my business address is the Office of United States Attorney, United States Courthouse, 411 West Fourth Street, Suite 8000, Santa Ana, CA 92701; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **GOVERNMENT'S RESTITUTION MEMORANDUM AS TO DEFENDANT HORN**

[ ] Placed in a closed envelope, for collection and interoffice delivery

[ ] Placed in a sealed envelope for collection and mailing via United States mail

[X] By hand delivery

[ ] By **e-mail** as follows:

[ ] By messenger as follows:

[ ] By federal express as

**Addressed to:   Kathleen Peralta, USPO**
**                U.S. Probation Office**
**                411 West Fourth Street, Suite 4170**
**                Santa Ana, CA 92701**

This Certificate is executed on **December 5, 2014,** at Santa Ana, California.

I certify under penalty of perjury that the foregoing is true and correct.

/s/_____
Linda Lewis