```
11:09:31   1              UNITED STATES DISTRICT COURT

           2             CENTRAL DISTRICT OF CALIFORNIA

           3            SOUTHERN DIVISION AT SANTA ANA

           4       HONORABLE JOSEPHINE L. STATON, JUDGE PRESIDING
11:09:31   5

           6
              UNITED STATES OF AMERICA,        )
           7                                   )
                          PLAINTIFF,           )
           8                                   )
                     VS.                       ) SACR NO. 12-0097(A)-JLS
           9                                   )
              MARQUIS MONTE HORN,              )
11:09:31  10                                   )
                          DEFENDANT.           )
          11  _____)

          12

          13

          14           REPORTER'S TRANSCRIPT OF PROCEEDINGS
11:09:31  15                   SANTA ANA, CALIFORNIA

          16               FRIDAY, DECEMBER 19, 2014

          17                       11:30 A.M.

          18

          19
                       DEBORAH D. PARKER, CSR 10342
11:09:31  20              OFFICIAL COURT REPORTER
                       UNITED STATES DISTRICT COURT
          21              411 WEST FOURTH STREET
                                SUITE 1-053
          22           SANTA ANA, CALIFORNIA 92701
                              (657) 229-4305
          23           TRANSCRIPTS@DDPARKER.COM

          24

          25
```

*DEBORAH D. PARKER, U.S. COURT REPORTER*

```
11:09:31   1   APPEARANCES OF COUNSEL:

           2        FOR THE PLAINTIFF, UNITED STATES OF AMERICA:

           3                         ANDRE BIROTTE, JR.
                                     UNITED STATES ATTORNEY
           4
                                     DENNISE D. WILLETT
11:09:31   5                         ASSISTANT UNITED STATES ATTORNEY
                                     CHIEF, CRIMINAL DIVISION
           6
                                     SANDY N. LEAL
           7                         ASSISTANT UNITED STATES ATTORNEY
                                     UNITED STATES DISTRICT COURT
           8                         8000 RONALD REAGAN FEDERAL BUILDING
                                     SANTA ANA, CALIFORNIA 92701
           9                         (714) 338-3500

11:09:31  10
                    FOR THE DEFENDANT, MARQUIS NAKIA HORN:
          11
                                     H. DEAN STEWARD
          12                         LAW OFFICES OF DEAN STEWARD
                                     107 AVENIDA MIRAMAR
          13                         SAN CLEMENTE, CALIFORNIA 92672
                                     (949) 481-4900
          14

          15

          16

          17

          18

          19

          20

          21

          22

          23

          24

          25
```

*DEBORAH D. PARKER, U.S. COURT REPORTER*

| | | |
|---|---|---|
| 11:09:29 | 1 | SANTA ANA, CALIFORNIA; FRIDAY, DECEMBER 19, 2014; 11:30 A.M. |
| | 2 | THE CLERK:  CALLING CALENDAR ITEM NO. 4, |
| | 3 | SACR 12-0097(A)-JLS, UNITED STATES OF AMERICA VERSUS MARQUIS |
| | 4 | MONTE HORN. |
| 11:29:34 | 5 | COUNSEL. |
| | 6 | MS. LEAL:  GOOD MORNING, YOUR HONOR. |
| | 7 | SANDY LEAL, ON BEHALF OF THE UNITED STATES. |
| | 8 | MR. WEISS:  GOOD MORNING, YOUR HONOR. |
| | 9 | DANIEL WEISS, ON BEHALF OF THE UNITED STATES. |
| 11:29:44 | 10 | THE COURT:  GOOD MORNING. |
| | 11 | MR. STEWARD:  AND, YOUR HONOR, DEAN STEWARD, ON |
| | 12 | BEHALF OF MR. HORN. |
| | 13 | HE'S PRESENT AND IN CUSTODY. |
| | 14 | THE COURT:  GOOD MORNING. |
| 11:29:51 | 15 | ALL RIGHT.  WE'RE HERE ON A RESTITUTION HEARING IN |
| | 16 | THIS CASE.  IT APPEARS TO THE COURT THAT WHAT IS RELEVANT IN |
| | 17 | PARTICULAR IS 18 U.S.C. SECTION 1593, RELATING TO MANDATORY |
| | 18 | RESTITUTION.  AND SO, THAT'S THE MANNER IN WHICH WE'RE GOING |
| | 19 | TO BE ADDRESSING THIS.  SUBSECTION (B)(3) DESCRIBES -- WELL, |
| 11:30:32 | 20 | FIRST OF ALL, EARLIER IN THE SECTION, IT STATES THAT THE |
| | 21 | DEFENDANT SHALL PAY THE VICTIM THE FULL AMOUNT OF THE |
| | 22 | VICTIM'S LOSSES AS DETERMINED BY THE COURT UNDER |
| | 23 | SUBPARAGRAPH 3 OF THIS SUBSECTION.  IT IS A MANDATORY |
| | 24 | RESTITUTION PROVISION.  AND THEN, SUBSECTION (3) DESCRIBES |
| 11:30:53 | 25 | HOW THE COURT IS TO CALCULATE THE LOSS TO THE VICTIM, WHICH |


```
11:30:59   1   IS THE GREATER OF THE GROSS INCOME OR VALUE TO THE DEFENDANT
           2   OF THE VICTIM'S SERVICES OR LABOR, OR THE VALUE OF THE
           3   VICTIM'S LABOR AS GUARANTEED UNDER THE FLSA, THE FAIR LABOR
           4   STANDARDS ACT.  SO THOSE ARE THE TWO ALTERNATIVES AND THE
11:31:21   5   COURT IS CHOOSING THE GREATER OF THOSE.  THE GOVERNMENT DOES
           6   HAVE THE BURDEN BY PREPONDERANCE OF THE EVIDENCE IN SHOWING
           7   THAT RESTITUTION IS DUE AND THE AMOUNT OF THE RESTITUTION
           8   CAN BE AN ESTIMATE, BUT IT HAS TO HAVE SOME REASONABLE LEVEL
           9   OF CERTAINTY.  SO I'M JUST SORT OF SETTING THE STAGE BEFORE
11:31:44  10   I ALLOW YOU TO PROCEED.
          11           HOW DOES THE GOVERNMENT INTEND TO PROCEED TODAY?
          12   I DO HAVE EXHIBIT -- EXHIBIT A TO THE RESTITUTION
          13   MEMORANDUM.  THAT'S ALL I HAVE AT THIS POINT.  SO MY
          14   GUESS -- MY QUESTION IS:  WHAT DO YOU INTEND TO PRESENT
11:32:04  15   TODAY?
          16           MS. LEAL:  WELL, YOUR HONOR, BASED ON EXHIBIT A,
          17   THE FACTUAL BASIS OF THE PLEA AGREEMENT, THE PSR IS ADOPTED
          18   BY THE COURT.  WE BELIEVE WE'VE PUT FORTH SUFFICIENT
          19   INFORMATION FOR THE COURT TO FIND BY A PREPONDERANCE OF THE
11:32:20  20   EVIDENCE THAT RESTITUTION IS OWED TO L.C. IN THE AMOUNT OF
          21   THE 69,000 FIGURE.
          22           THE COURT:  OKAY.  SO LET ME BACK UP A LITTLE BIT.
          23   I'D LIKE TO GET SOME SPECIFICS ON THAT.  FIRST OF ALL, I
          24   THINK THAT THE FACTUAL BASIS OF THE PLEA -- I MEAN, YOU CAN
11:32:37  25   POINT ME TO SPECIFICS, BUT THE FACTUAL BASIS OF THE PLEA AND
```

| | | |
|---|---|---|
| 11:32:40 | 1 | THE PSR I BELIEVE WOULD TELL ME THAT THIS PARTICULAR SECTION |
| | 2 | IS APPLICABLE -- THE SECTION THAT I JUST DESCRIBED IS |
| | 3 | APPLICABLE AND THAT IS THE PROPER MANNER TO CALCULATE THE |
| | 4 | LOSS.  IN OTHER WORDS, IT WOULD TELL ME THE FACTS GIVE RISE |
| 11:32:58 | 5 | TO THE CONVICTION THAT GIVES RISE TO THIS MANDATORY |
| | 6 | RESTITUTION PROVISION ARE -- HAVE BEEN ESTABLISHED.  BUT |
| | 7 | THEN WE TURN TO THE AMOUNT.  AND SO, WHAT I'M ASKING IS, |
| | 8 | CLEARLY, A PIECE OF PAPER THAT TELLS ME -- WITHOUT BEING |
| | 9 | IDENTIFIED IN ANY WAY -- I GUESS THIS DOCUMENT -- WELL, IT'S |
| 11:33:23 | 10 | JUST -- NO, THERE'S NOTHING ELSE THAT INDICATES.  IT'S JUST |
| | 11 | LIKE A NOTE.  IT'S LIKE A -- DO I HAVE THE RIGHT -- |
| | 12 | MS. LEAL:  MAY I APPROACH AND SEE WHAT THE |
| | 13 | COURT -- |
| | 14 | THE COURT:  ALL RIGHT.  SO WHAT I HAVE IS -- I |
| 11:33:37 | 15 | HAVE -- IT'S TITLED "EXHIBIT A."  IT'S ATTACHED TO YOUR |
| | 16 | RESTITUTION MEMO.  AND IT'S A PAGE AND A HALF.  AND IT'S |
| | 17 | DOCKET NO. 108. |
| | 18 | MS. LEAL:  YES. |
| | 19 | THE COURT:  AND IT'S PAGES 7 OF 9 AND 8 OF 9, IT |
| 11:33:55 | 20 | SAYS AT THE TOP.  AND IT'S NOT SIGNED BY ANYBODY.  IT TELLS |
| | 21 | ME THAT THESE ARE -- THAT SOME ANONYMOUS -- WELL, I DON'T |
| | 22 | KNOW IF IT'S -- IF IT -- YOU'RE ADOPTING IT, BECAUSE YOU'RE |
| | 23 | ATTACHING IT TO YOUR MEMO OF -- YOUR MEMORANDUM, BUT IT'S |
| | 24 | NOT SIGNED.  IT JUST TELLS ME THAT THE INVESTIGATOR MADE |
| 11:34:20 | 25 | THESE CALCULATIONS BASED ON STATEMENTS THAT HE TOOK.  I CAN |

| | | |
|---|---|---|
| 11:34:25 | 1 | ACCEPT HEARSAY AT SOME LEVEL, IF IT'S RELIABLE; BUT WHAT I |
| | 2 | HAVE IS SOMEONE DRAFTING EXHIBIT A FROM SOMEONE ELSE'S |
| | 3 | INFORMATION THAT WAS TAKEN FROM, PRESUMABLY, THE VICTIM. |
| | 4 | AND I JUST WANT TO KNOW IF I'M GOING TO HAVE ANYTHING MORE |
| 11:34:49 | 5 | THAN THIS. |
| | 6 | MS. LEAL: I DO HAVE INVESTIGATOR JOHN LONG, THE |
| | 7 | WRITER OF THIS COMPUTATION PRESENT HERE TODAY TO TESTIFY. |
| | 8 | HE PREPARED THIS COMPUTATION. HE IS EMPLOYED BY THE |
| | 9 | DEPARTMENT OF LABOR, AND THESE ARE THE COMPUTATION FORMS |
| 11:35:04 | 10 | THAT THEY USE WHEN ASKED TO CALCULATE RESTITUTION BASED ON |
| | 11 | BACK WAGES. |
| | 12 | THE COURT: OKAY. |
| | 13 | MS. LEAL: I WILL -- I WILL PRESENT -- |
| | 14 | THE COURT: SO THIS IS, ESSENTIALLY, AN OFFER OF |
| 11:35:14 | 15 | PROOF AS TO WHAT HE WOULD TESTIFY TO, IF HE WERE TO TAKE THE |
| | 16 | STAND? |
| | 17 | MS. LEAL: CORRECT. |
| | 18 | THE COURT: OKAY. AND LET ME JUST ASK A COUPLE OF |
| | 19 | QUESTIONS: WHY -- HOW DID HE COMPUTE -- WELL, MAYBE YOU |
| 11:35:29 | 20 | KNOW THIS. MAYBE WE NEED TO PUT HIM ON THE STAND. BUT, FOR |
| | 21 | EXAMPLE, THE COMPUTATION, SAY, SEVEN DAYS A WEEK WITH 16 |
| | 22 | HOURS A DAY OF WORK. BUT HER ONLY STATEMENT AS TO HER WORK |
| | 23 | WERE THAT SHE SERVICED BETWEEN ONE AND SIX CUSTOMERS A DAY. |
| | 24 | I GUESS IT'S THAT SHE WAS FORCED TO STAY AT THE WORK |
| 11:35:53 | 25 | LOCATION. BUT I DON'T KNOW FOR WHAT PERIOD OF TIME. I |

```
11:35:56   1  DON'T KNOW HOW THAT EQUATES TO 16 HOURS A DAY.
           2          IT'S JUST NOT THAT DETAILED IN THAT REGARD.  AND
           3  SO, THEN, I GUESS MY SECOND QUESTION IS THIS -- OR MAYBE
           4  THIS IS THE THIRD OR FOURTH QUESTION.  I DON'T KNOW.  IT'S
11:36:11   5  THE GREATER OF THE VALUE OF THE SERVICES TO THE DEFENDANT,
           6  OR THE -- OR THE LOSS BY THE INDIVIDUAL.  ARE WE TAKING THIS
           7  APPROACH BECAUSE IT WAS NOT MR. HORN BUT RATHER MR. PORTER?
           8          I'M NOT TRYING TO FIGURE OUT WHY WE'RE TAKING THIS
           9  APPROACH, THE LOST WAGES AS OPPOSED TO THE INCOME TO THE
11:36:40  10  DEFENDANT, IT'S BECAUSE THIS DEFENDANT DIDN'T REALLY MAKE
          11  ANYTHING FROM THIS, BECAUSE SHE WAS EMPLOYED BY THE OTHER
          12  DEFENDANT, THE CO-DEFENDANT MORE DIRECTLY, OR --
          13          MS. LEAL:  JUST A MOMENT.
          14     (PAUSE.)
11:36:56  15          MS. LEAL:  YOUR HONOR, WE'VE TAKEN THIS APPROACH
          16  TO BE MORE REASONABLE WITH THE TYPE OF RESTITUTION THAT IT
          17  IS OWED L.C.  AT A MINIMUM -- OBVIOUSLY -- WELL, NOT
          18  OBVIOUSLY.  BUT THE EVIDENCE CLEARLY SHOWS THAT THEY HAD A
          19  GREATER AMOUNT OF VALUE FOR THEIR SERVICES, BECAUSE THE FEES
11:37:16  20  WERE MUCH HIGHER THAN MINIMUM WAGE THAT THE VICTIMS WERE
          21  EARNING, ON BEHALF OF DEFENDANT PORTER AND DEFENDANT HORN,
          22  BUT WE TOOK THE APPROACH OF CALCULATING BASED ON THE MINIMUM
          23  WAGE AND OVERTIME WAGES -- OVERTIME TAKEN AWAY FROM HER
          24  BECAUSE SHE WAS FORCED TO WORK FOR THESE INDIVIDUALS.
11:37:41  25          THE COURT:  OKAY.  I'M NOT SURE THAT THAT
```

```
11:37:43   1   ANSWERS -- I MEAN, SO DID YOU CALCULATE THAT THIS WAS THE
           2   CONSERVATIVE WAY OF DOING IT?  OR --
           3              MS. LEAL:  WE DIDN'T DO A FORMAL CALCULATION, BUT
           4   WE HAVE -- WE HAVE ALL THE INTERVIEWS OF THE VICTIMS, AND
11:37:56   5   WE'VE LOOKED AT THE PREVAILING WAGES THAT THEY WERE BEING
           6   PAID BY CUSTOMERS WHICH WERE BETWEEN, YOU KNOW, AT TIMES
           7   $100, AT TIMES $300 AND THE NUMBER OF CLIENTS VARIED BETWEEN
           8   ONE AND SEVEN CLIENTS A DAY.  OBVIOUSLY, THAT FIGURE WOULD
           9   BE GREATER THAN THE --
11:38:14  10              THE COURT:  THAT'S WHAT THE STATUTE REQUIRES ME TO
          11   GIVE THEM.  IT SAYS "THE GREATER OF."  I DON'T THINK YOU CAN
          12   MAKE A CHOICE THAT YOU PREFER ANOTHER WAY OF CALCULATING IT
          13   AND THEN NOT GIVE THEM AS MUCH.
          14              MS. LEAL:  WE COULD --
11:38:27  15              THE COURT:  I MEAN, I'M JUST GOING BY THE LANGUAGE
          16   OF THE STATUTE AND I SAW THERE WERE TWO ALTERNATIVES, AND
          17   ONE IS THE WAGE ALTERNATIVE AND THE OTHER IS THE
          18   VALUE-TO-THE-DEFENDANT ALTERNATIVE.  AND THAT I'M TO -- AS A
          19   MANDATORY RESTITUTION PROVISION, I'M TO GIVE THE GREATER OF.
11:38:44  20              SO I GUESS MY QUESTION WAS:  WAS THERE A
          21   CALCULATION DONE THAT DETERMINED THAT THIS IS THE GREATER
          22   OF?
          23              MS. LEAL:  NO, THERE WAS NOT.
          24              THE COURT:  OKAY.  ALL RIGHT.  YOU KNOW, THE OTHER
11:38:56  25   ALTERNATIVE COULD BE THAT YOU COULDN'T REALLY TELL HOW MUCH
```

```
11:38:59   1    THE VALUE TO THE DEFENDANTS WAS.  THAT'S WHY I WAS ASKING,
           2    PERHAPS, BECAUSE THIS PARTICULAR DEFENDANT MAY NOT HAVE
           3    RECEIVED THAT VALUE AND THEN THAT MIGHT BE ANOTHER
           4    ALTERNATIVE FOR USING THIS METHOD.  IN OTHER WORDS, EVEN
11:39:11   5    THOUGH IT'S A CONSPIRACY CHARGE, I'M NOT SURE THAT THAT
           6    EQUATES TO HE MAY BE -- HE MAY BE CHARGED WITH KNOWLEDGE
           7    THAT ALL OF THIS WAS GOING TO BE LOST BY THESE VICTIMS OR
           8    GAINED BY HIS CO-DEFENDANT, BUT I'M NOT SURE THAT EQUATES TO
           9    VALUE TO HIM DIRECTLY OR SPECIFICALLY.  SO THAT WOULD BE
11:39:32  10    ANOTHER REASON, PERHAPS, WHEN YOU HAVE CO-DEFENDANT CASES TO
          11    USE THIS.  BUT I JUST WANTED TO KNOW THE THINKING THAT WENT
          12    INTO THIS PARTICULAR CHOICE OF CALCULATING RESTITUTION.
          13              ALL RIGHT.  SO BEFORE WE TURN TO THE -- WHETHER OR
          14    NOT THE AGENT NEEDS TO TESTIFY HERE TODAY, LET ME TURN TO
11:39:59  15    MR. STEWARD.  AND I'LL NOTE THAT I DID REVIEW YOUR
          16    OPPOSITION.  I WOULD SAY THAT IN ONE -- IN A COUPLE OF
          17    RESPECTS, NUMBER ONE, I CAN CONSIDER HEARSAY AT RESTITUTION
          18    HEARINGS.  I'VE LOOKED INTO THAT TO MAKE SURE BECAUSE THAT
          19    WAS ONE OF THE ARGUMENTS.  AS LONG AS IT'S GOT -- HAS
11:40:24  20    INDICIA OF RELIABILITY, I CAN RELY ON VICTIM STATEMENTS.  TO
          21    THE EXTENT IT GETS TOO FAR AFIELD SOMEONE REPORTING THAT
          22    SOMEONE REPORTED THAT THE VICTIM REPORTED TO THEM, I START
          23    HAVING SOME TROUBLE WITH THAT BUT NOT HEARSAY IN GENERAL.
          24              AND SECONDLY, I DON'T THINK IT'S CORRECT THAT BACK
11:40:45  25    WAGES HAS TO ASSUME ALTERNATE EMPLOYMENT COULD HAVE BEEN
```

| | | |
|---|---|---|
| 11:40:49 | 1 | SECURED. THAT'S JUST NOT ONE OF THE FACTORS UNDER THIS |
| | 2 | PARTICULAR MANDATORY RESTITUTION PROVISION. IT IS NOT THAT |
| | 3 | BUT FOR HER TIME KEPT ENGAGED IN THIS ACTIVITY SHE WOULD |
| | 4 | HAVE HAD OTHER EMPLOYMENT, LIKE A LOST OPPORTUNITY. AS I |
| 11:41:06 | 5 | READ THE STATUTE, THAT'S NOT THE WAY WE LOOK AT IT. WE JUST |
| | 6 | LOOK AT WHAT WAS THE VALUE OF HER TIME AND SERVICES AND IF |
| | 7 | SHE WASN'T PAID, THEN YOU WOULD PAY HER MINIMUM WAGE UNDER |
| | 8 | THAT. |
| | 9 | I DO HAVE A QUESTION, THOUGH, WHY ARE YOU USING |
| 11:41:21 | 10 | CALIFORNIA WAGES WHEN THE STATUTE SAYS FLSA, WHICH WOULD BE |
| | 11 | FEDERAL MINIMUM WAGE, I BELIEVE. SO I'M NOT SURE THAT USING |
| | 12 | THE CALIFORNIA WAGE IS APPROPRIATE, BUT I'LL HEAR ARGUMENT |
| | 13 | ON THAT AS WELL. |
| | 14 | BUT, ANYWAY, MR. STEWARD, THAT'S WHERE I START |
| 11:41:34 | 15 | OUT; AND SO, IF YOU'D LIKE TO BE HEARD. |
| | 16 | MR. STEWARD: I HAVE NOTHING TO ADD, YOUR HONOR. |
| | 17 | THE COURT: ALL RIGHT. AND THEN, I GUESS THE |
| | 18 | QUESTION IS WHETHER OR NOT YOU WOULD ACCEPT THE OFFER OF |
| | 19 | PROOF THAT IF THE AGENT TESTIFIED HE WOULD TESTIFY AS TO -- |
| 11:41:55 | 20 | AND CONSISTENT WITH THE EXHIBIT THAT WAS FILED, OR WHETHER |
| | 21 | YOU WANT TO HAVE THE COURT REQUIRE THAT HE TESTIFY AND BE |
| | 22 | SUBJECT TO CROSS-EXAMINATION. |
| | 23 | MR. STEWARD: YOUR HONOR, I'M WILLING TO ACCEPT |
| | 24 | IT, WITH THE CAVEAT THAT THE COURT HAS POINTED OUT A NUMBER |
| 11:42:12 | 25 | OF SHORTCOMINGS, IF YOU WILL, OF THE DOCUMENT THAT'S BEEN |

| | | |
|---|---|---|
| 11:42:19 | 1 | SUBMITTED.  IF GOVERNMENT COUNSEL WANTS TO TRY AND CLEAR |
| | 2 | THAT UP, THAT'S FINE.  BUT WE DON'T NEED ANYTHING FURTHER |
| | 3 | THAN THE ACTUAL DOCUMENT. |
| | 4 | THE COURT:  ALL RIGHT.  ALL RIGHT.  SO WHAT I DO |
| 11:42:41 | 5 | GATHER THAT'S CLEAR FROM THIS DOCUMENT IS THAT SHE WASN'T |
| | 6 | PAID AT ALL.  SO WE DON'T HAVE AN OFFSET FOR SOME AMOUNT |
| | 7 | THAT SHE WAS PAID.  AT LEAST, SHE TESTIFIED -- SHE STATED TO |
| | 8 | THE AGENT THAT THERE WAS NO PAY.  SO THERE'S NO OFFSET THAT |
| | 9 | WE'RE DEALING WITH.  SO WE'RE JUST LOOKING AT WHAT WOULD BE |
| 11:42:57 | 10 | THE TOTAL WAGES THAT SHE WOULD HAVE BEEN PAID HAD SHE BEEN |
| | 11 | PAID UNDER THE FLSA.  AND THEN THE QUESTION THAT I HAVE IS, |
| | 12 | THE SPECIFICITY WHERE IT SAYS: *SHE WAS FORCED BY THE* |
| | 13 | *DEFENDANTS TO STAY AT THE WORK LOCATION WHEN SHE WAS NOT* |
| | 14 | *SERVICING A CUSTOMER TO ANSWER CALLS FROM PROSPECTIVE* |
| 11:43:17 | 15 | *CUSTOMERS*.  THAT'S ITEM NO. 4 UNDER THAT FIRST SUBCATEGORY. |
| | 16 | BUT THAT THEN EQUATED INTO 16 HOURS A DAY OF WORK.  AND I'M |
| | 17 | NOT SURE THAT ONE CAN MAKE THAT LEAP, NECESSARILY. |
| | 18 | SO THAT, I GUESS, IS THE CONCERN I HAVE THAT SHE |
| | 19 | WAS EXPECTED TO BE THERE 16 HOURS A DAY.  I WOULD HAVE |
| 11:43:40 | 20 | ASSUMED THAT IF SHE HAD SAID SOMETHING THAT SPECIFIC, WE |
| | 21 | WOULD HAVE IT IN THE UPPER SECTION UNDER THE BASIS FOR |
| | 22 | COMPUTATIONS.  SO I'M CONCERNED ABOUT INCLUDING A 16-HOUR |
| | 23 | DAY WITH JUST EIGHT HOURS OF SLEEP, SEVEN DAYS A WEEK FOR |
| | 24 | SEVERAL YEARS.  I THINK THAT IS A BIT OF AN OVERSTATEMENT, |
| 11:43:58 | 25 | PERHAPS.  AND SO, I GUESS, I JUST WOULD LIKE YOU TO, |

```
11:44:05   1   PERHAPS, ADDRESS THAT.  IF YOU NEED A FEW MINUTES TO CONFER
           2   OR ANYTHING LIKE THAT, I'LL GIVE THAT TO YOU.
           3          AND THEN, I AM WILLING TO, PERHAPS, ACCEPT
           4   BECAUSE, I THINK -- I THINK MR. HORN WAS THE PERSON WHO
11:44:27   5   INTRODUCED THE VICTIM TO DEFENDANT PORTER; AND SO, I THINK
           6   THAT "GREATER OF" CALCULATION THAT I SPOKE OF EARLIER IN
           7   TERMS OF VALUE TO THE DEFENDANT, EVEN THOUGH THAT MAY BE
           8   GREATER THAN THESE MINIMUM WAGES, IT MAY BE MORE
           9   APPROPRIATELY USED WHEN YOU HAVE DEFENDANT --
11:44:50  10   CO-DEFENDANT PORTER IN FRONT OF ME.  SO JUST KEEP THAT IN
          11   MIND FOR ANY FUTURE CALCULATIONS, BUT I THINK THIS IS
          12   PROBABLY THE MOST APPROPRIATE CALCULATION OR METHOD OF
          13   CALCULATING FOR THIS PARTICULAR DEFENDANT WHICH RESULTS IN A
          14   LOWER RESTITUTION AMOUNT; AND THEN, ONCE THE TOTAL AMOUNT IS
11:45:11  15   FIGURED, THEN UP TO THIS LESSER AMOUNT, THIS DEFENDANT WOULD
          16   BE -- WOULD HAVE JOINT AND SEVERAL LIABILITY.
          17          SO LET ME LET YOU ADDRESS THAT
          18   16-HOUR-A-DAY-ISSUE.
          19          MS. LEAL:  MAY I HAVE ONE MOMENT?
11:45:31  20          THE COURT:  YES.
          21      (PAUSE.)
          22          MS. LEAL:  YOUR HONOR, THE EIGHT HOURS OF THE DAY
          23   THAT THE DEPARTMENT OF LABOR HAS ACCOUNTED FOR REST PERIOD
          24   IS AN APPROXIMATION.  IT'S NOT BASED ON SOMETHING THAT
11:46:32  25   VICTIM L.C. SAID.  VICTIM L.C. SAID SHE HAD TO BE AVAILABLE
```

```
11:46:38   1    24/7 IN ORDER TO SERVICE CLIENTS.
           2              DEPARTMENT OF LABOR RECOGNIZES THAT SHE COULDN'T
           3    HAVE BEEN WORKING 24/7 BECAUSE, OBVIOUSLY, THERE HAD TO BE
           4    PERIODS WHERE SHE DID REST AND SHE HAD TO HAVE PERIODS TO
11:46:51   5    TAKE CARE OF HERSELF, HER BASIC NEEDS.  SO THEY GAVE THE
           6    EIGHT HOURS AS JUST A CONSERVATIVE ESTIMATE OF WHAT AMOUNT
           7    OF TIME SHE WOULD HAVE TO REST.  SHE HAD TO BE AVAILABLE,
           8    SO, TECHNICALLY, I BELIEVE -- I BELIEVE DEPARTMENT OF LABOR
           9    WOULD SAY THAT YOU SHOULD BE PAID FOR THE ENTIRE TIME THAT
11:47:13  10    YOU WERE REQUIRED TO BE AVAILABLE TO WORK.  YOU ARE WORKING.
          11    YOU ARE AVAILABLE TO WORK.  IF YOU WERE -- FOR EXAMPLE, I
          12    KNOW I SPOKE WITH THE OFFICER EARLIER ABOUT IF YOU WERE AT A
          13    CARWASH AND YOU WERE MAKING YOUR SERVICES AVAILABLE TO WASH
          14    CARS, EVEN IF YOU'RE NOT WASHING A CAR, YOU ARE WORKING
11:47:31  15    BECAUSE YOU ARE AVAILABLE.  SO WE COULD HAVE ARGUED THAT SHE
          16    WAS WORKING 24 HOURS A DAY.  BUT WE KNOW THAT THERE WAS REST
          17    PERIODS.  WE JUST DON'T HAVE THE PRECISE AMOUNT, SO WE CHOSE
          18    THE EIGHT HOUR AMOUNT.
          19              THE COURT:  ALL RIGHT.  I MEAN, THAT IS AN
11:47:46  20    ACCURATE STATEMENT OF THE FLSA.  IT IS THAT ANY TIME YOU'RE
          21    ON CALL, SO TO SPEAK, AND YOU HAVE TO BE AVAILABLE, YOU ARE
          22    ENTITLED TO BE PAID FOR THAT.  THERE'S SOMETIMES DIFFERENT
          23    RATES RELATING TO THAT THOUGH.  I'M NOT SURE WHAT THAT IS.
          24    BUT I THINK THAT THE FACT THAT YOU'VE GIVEN THE EIGHT HOURS
11:48:03  25    OF REST, I'M GOING TO FIND THAT THAT IS, PROBABLY, A --
```

| | |
|---|---|
| 11:48:10 | 1 AGAIN, IT'S -- IT'S NOT REASONABLE TO THINK THAT SHE WAS |
| | 2 WORKING, SERVICING CUSTOMERS FOR 16 HOURS A DAY, BUT IT IS |
| | 3 REASONABLE TO THINK THAT SHE COULD HAVE BEEN REQUIRED TO BE |
| | 4 AVAILABLE FOR THAT PERIOD OF TIME AND SO THAT WOULD SUPPORT |
| 11:48:28 | 5 THE CALCULATION THAT YOU'VE DONE, SO I'M GOING TO ACCEPT |
| | 6 THAT AS -- AS A REASONABLE CALCULATION, IN LIGHT OF THE |
| | 7 CIRCUMSTANCES. |
| | 8 BASED ON ALL THAT, I'M GOING TO ORDER -- IS THERE |
| | 9 ANYTHING FURTHER? I DON'T THINK AT A RESTITUTION HEARING I |
| 11:48:47 | 10 HAVE TO HEAR FROM ANYONE ELSE AT THIS POINT. |
| | 11 SO IT IS ORDERED THAT THE DEFENDANT SHALL PAY |
| | 12 RESTITUTION IN TH1E TOTAL AMOUNT OF $69,719.34. THE AMOUNT |
| | 13 SHALL BE PAID TO VICTIM L.C. |
| | 14 AND HOW DO WE -- I HAVE TO MAKE SOME ORDER AS TO |
| 11:49:19 | 15 HOW THAT GETS PAID. |
| | 16 *(OFF-THE-RECORD DISCUSSION HELD WITH* |
| | 17 *DEPUTY CLERK.)* |
| | 18 THE COURT: YES, YES, I DO. I HAVE THAT. RIGHT. |
| | 19 BUT WHAT I'M SAYING -- MY ISSUE IS, I HAVE "L.C." |
| 11:49:42 | 20 WRITTEN DOWN HERE. I DON'T HAVE ANY MECHANISM BY WHICH THIS |
| | 21 MONEY GETS TO L.C. I HAVE NO ATTORNEY'S ADDRESS. I HAVE |
| | 22 NOTHING ELSE. AND I NEED SOME METHOD OF SAYING -- BECAUSE I |
| | 23 CAN'T JUST TELL THE DEFENDANT TO PAY L.C. |
| | 24 MS. LEAL: YOUR HONOR, MAY I FILE -- WOULD IT BE |
| 11:50:02 | 25 OKAY IF I FILE IN-CAMERA HER INFORMATION FOR THE COURT, |

```
11:50:06   1   BECAUSE SHE'S A PROTECTED VICTIM?
           2          THE COURT:  WELL, OF COURSE, SHE IS.  NO, BECAUSE
           3   I DON'T NEED THAT, BECAUSE THE DEFENDANT DOESN'T NEED THAT.
           4   IF IT'S IN-CAMERA, IT WON'T TELL HIM WHAT TO DO.  SO WHAT IT
11:50:19   5   NEEDS TO BE IS SOME MECHANISM TO GET IT -- I MEAN, MAYBE
           6   IT'S THROUGH THE U.S. ATTORNEY'S OFFICE.  SOMETIMES THE
           7   VICTIMS HAVE PRIVATE COUNSEL, AND WE GET THEIR ADDRESS.  BUT
           8   WE HAVE TO HAVE SOME MECHANISM TO GET THE MONEY TO THE
           9   EXTENT THERE IS ANY AT ANY POINT TO HER.  AND SO, I NEED TO
11:50:37  10   BE ABLE TO INCLUDE THAT IN THE ORDER.
          11          SO, PERHAPS, WHAT I WOULD SAY IS, WHO AT THE --
          12   CAN I GET -- CAN I JUST STATE THAT IT WILL BE PAID THROUGH
          13   THE U.S. ATTORNEY'S OFFICE TO THE VICTIM SO ANY PAYMENTS ARE
          14   TO BE MADE TO THE U.S. ATTORNEY'S OFFICE?
11:50:56  15          MS. LEAL:  YES, YOUR HONOR.  THE U.S. ATTORNEY'S
          16   OFFICE, AND I WILL TALK TO THE VICTIM WITNESS COORDINATOR TO
          17   FIND OUT --
          18          THE COURT:  SOMEBODY HAS TO KNOW WHERE TO SEND THE
          19   MONEY, SO THAT'S ALL I'M SAYING.  I HAVE -- I USUALLY HAVE
11:51:17  20   SOMETHING LIKE THAT.  SO I'LL NEED TO HAVE THAT.
          21          RESTITUTION SHALL BE DUE DURING THE PERIOD OF
          22   IMPRISONMENT AT THE RATE OF NOT LESS THAN $25 PER QUARTER
          23   AND PURSUANT TO THE BUREAU OF PRISONS INMATE FINANCIAL
          24   RESPONSIBILITY PROGRAM.  IF ANY AMOUNT OF THE RESTITUTION
11:51:31  25   REMAINS UNPAID AFTER RELEASE FROM CUSTODY, NOMINAL MONTHLY
```

```
11:51:35   1   PAYMENTS OF AT LEAST 10 PERCENT OF THE DEFENDANT'S GROSS
           2   MONTHLY INCOME BUT NOT LESS THAN $100, WHICHEVER IS GREATER,
           3   SHALL BE MADE DURING THE PERIOD OF SUPERVISED RELEASE AND
           4   SHALL BEGIN 30 DAYS AFTER THE COMMENCEMENT OF SUPERVISION.
11:51:49   5   NOMINAL RESTITUTION PAYMENTS ARE ORDERED, AS THE COURT FINDS
           6   THAT THE DEFENDANT'S ECONOMIC CIRCUMSTANCES DO NOT ALLOW FOR
           7   EITHER IMMEDIATE OR FUTURE PAYMENT OF THE AMOUNT ORDERED.
           8           THE DEFENDANT SHALL BE HELD JOINTLY AND SEVERALLY
           9   LIABLE WITH CO-DEFENDANT ROSHAUN NAKIA PORTER FOR THE AMOUNT
11:52:05  10   OF RESTITUTION ORDERED IN THIS JUDGMENT AND THE VICTIM'S
          11   RECOVERY IS LIMITED TO THE AMOUNT OF HER LOSS AND THE
          12   DEFENDANT'S LIABILITY FOR RESTITUTION CEASES IF AND WHEN THE
          13   VICTIM RECEIVES FULL RESTITUTION.
          14           ADDITIONAL CONDITIONS OF SUPERVISED RELEASE WILL
11:52:25  15   NOW INCLUDE THAT THE DEFENDANT SHALL COMPLY WITH THE GENERAL
          16   ORDER 01-05 AND SHALL PAY THE SPECIAL ASSESSMENT AND
          17   RESTITUTION IN ACCORDANCE WITH THIS JUDGMENT'S ORDER
          18   PERTAINING TO SUCH PAYMENT.
          19           I WOULD BE SURPRISED IF I DIDN'T ALREADY INCLUDE
11:52:40  20   THAT IN MY ORIGINAL JUDGMENT WHEN WE HAD THE DEFERRED
          21   RESTITUTION HEARING; BUT IF NOT, IT'S INCLUDED NOW.
          22           AND THEN, BEFORE THE JUDGMENT GETS ISSUED, WE WILL
          23   HAVE A MECHANISM BY WHICH THE VICTIM WILL BE PAID THIS
          24   AMOUNT.
11:52:54  25           ALL RIGHT.  IS THERE ANYTHING FROM EITHER SIDE
```

```
11:52:56   1   THAT THE COURT NEEDS TO ADDRESS AT THIS TIME?
           2              MS. LEAL:  NO, YOUR HONOR.
           3              THANK YOU.
           4              MR. STEWARD:  NO, YOUR HONOR.
11:53:03   5              THE COURT:  THANK YOU.
           6              THE CLERK:  ALL RISE.
           7         (AT 11:53 A.M., PROCEEDINGS WERE ADJOURNED.)
           8
           9                          -OOO-
11:53:04  10
          11                        CERTIFICATE
          12         I HEREBY CERTIFY THAT PURSUANT TO SECTION 753,
          13   TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND
          14   CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED
11:53:04  15   PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE
          16   TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE
          17   REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.
          18
          19   DATE:  JANUARY 7, 2015
11:53:04  20
          21
          22              _____/S/DEBORAH D. PARKER_____
                          DEBORAH D. PARKER, OFFICIAL REPORTER
          23
          24
          25
```

*DEBORAH D. PARKER, U.S. COURT REPORTER*